United States District Court
Eastern District of Michigan
---------------------------------------------x
Cassandra Williams on behalf of her
minor daughter, T.S.L., et al.

                Plaintiffs,

   -against-

Port Huron Area School District         **2:06-cv-14556**
                                                             **Hon. Victoria A. Roberts**

Board of Education, et al.

                Defendants.
---------------------------------------------x

# MOTION FOR LIMITED RECONSIDERATION OF THE COURT'S ORDER STAYING ALL ASPECTS OF THIS CASE, OR IN THE ALTERNATIVE, MOTION TO LIFT THE STAY AS TO PORT HURON AREA SCHOOL DISTRICT, TO PERMIT ADDITIONAL DISCOVERY <u>CONCERNING RECENT HARASSMENT</u>

Plaintiffs, by and through their undersigned counsel, hereby move this Honorable Court for an Order granting limited reconsideration of the May 4, 2010 Decision and Order granting Defendants' Motion to Stay all aspects of this case pending appeal, or in the alternative, for an Order lifting the stay as to Defendant Port Huron Area School District, to permit additional discovery concerning harassment during the period subsequent to the closure of fact discovery. For the reasons more fully set forth in the accompanying memorandum of law, Plaintiffs' Motion should be Granted.

WHEREFORE, Plaintiffs respectfully request that their motion be GRANTED.

Respectfully Submitted,

/s/ Joshua Friedman

JOSHUA FRIEDMAN (NY: 2100758)
Attorney for Plaintiffs
25 Senate Place
Larchmont, NY 10538
(212) 308-4338
(866) 731-5553 (Facsimile)
josh@joshuafriedmanesq.com

## CERTIFICATE OF SERVICE

I, Joshua Friedman, hereby certify that on this 18th day of May 2010, I served the foregoing Motion, and accompanying memorandum of law with exhibits, via the Court's ecf-service, on counsel, as indicated below:

GARY A. FLETCHER (P26823)
TODDY J. SHOUDY (P41895)
Fletcher Fealko Shoudy & Francis
Attorneys for Defendants
522 Michigan St.
Port Huron, MI 48060
(810) 987-8444

WILLIAM H. GOODMAN (P14173)
JULIE H. HURWITZ (P34720)
Goodman & Hurwitz, P.C.
Co-Counsel for Plaintiffs
1394 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 567-6170

**/s/ Joshua Friedman**
**Joshua Friedman, Esq.**

United States District Court
Eastern District of Michigan
---------------------------------------------x
Cassandra Williams on behalf of her
minor daughter, T.S.L., et al.

        Plaintiffs,

  -against-

Port Huron Area School District         **2:06-cv-14556**
                                              **Hon. Victoria A. Roberts**
Board of Education, et al.

        Defendants.
---------------------------------------------x

| | |
|---|---|
| JOSHUA FRIEDMAN (NY: 2100758) | GARY A. FLETCHER (P26823) |
| Attorney for Plaintiffs | TODDY J. SHOUDY (P41895) |
| 25 Senate Place | Fletcher Fealko Shoudy & Francis |
| Larchmont, NY 10538 | Attorneys for Defendants |
| (212) 308-4338 | 522 Michigan St. |
| | Port Huron, MI 48060 |
| | (810) 987-8444 |
| WILLIAM H. GOODMAN (P14173) | |
| JULIE H. HURWITZ (P34720) | |
| Goodman & Hurwitz, P.C. | |
| Co-Counsel for Plaintiffs | |
| 1394 E. Jefferson Avenue | |
| Detroit, Michigan 48207 | |
| (313) 567-6170 | |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR LIMITED
RECONSIDERATION OF THE COURT'S ORDER
STAYING ALL ASPECTS OF THIS CASE, OR IN
THE ALTERNATIVE, MOTION TO LIFT THE STAY
AS TO PORT HURON AREA SCHOOL DISTRICT,
TO PERMIT ADDITIONAL DISCOVERY
CONCERNING RECENT HARASSMENT**

3

# **STATEMENT OF QUESTIONS PRESENTED**

Whether this Court should grant Plaintiffs' motion for limited reconsideration of its Order staying the proceedings in this case pending appeal, or grant Plaintiffs' motion in the alternative to lift the stay, to permit Plaintiffs to take additional discovery concerning the recent racially hostile climate at Port Huron Northern High School and Defendants' response, if any, to it.

**Plaintiffs state:**     **YES**

**Defendants state: NO**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir.1991)

*Krycinski v. Packowski*, 556 F.Supp.2d 740 (S.D. Mi. 2008)

# INTRODUCTION

Plaintiffs, by and through their undersigned counsel, move this Court for an Order granting limited reconsideration of the May 4, 2010 Decision and Order which stayed the instant matter as to all Defendants until the Court of Appeals resolves the question of qualified immunity for the individual defendants, or in the alternative, move this Court for an Order partially lifting the stay, for the sole purpose of permitting additional discovery. Plaintiffs are *not* requesting that the claims against the School District be tried while the appeal is pending. Rather, Plaintiffs are seeking an Order lifting the stay as to the Port Huron Area School District (PHASD) for the sole purpose of allowing limited discovery before trial. As set forth in more detail below, Defendant PHASD is not entitled to an automatic stay. Further, Defendant Board of Education has claimed, and Plaintiffs believe will claim at trial, that there is no ongoing problem with racial harassment at Port Huron Northern High School, and therefore, there is no need for injunctive relief in this case. Plaintiffs, however, intend to ask the Court, if and when there is a liability finding against the School District, for injunctive relief and to fashion remedies that would inhibit racial harassment and discrimination in the school, train students and staff about their rights and responsibilities, and alert students to proper reporting procedures so that racial harassment and discrimination can be promptly and adequately addressed. Such relief is needed because, as set forth below, it is believed that harassment continued, and

was not remedied, after Plaintiffs were graduated or left Port Huron Northern High School.

None of the Plaintiffs are current students in the PHASD, and therefore, cannot testify based on personal knowledge about the current climate at the school. However, as described herein, Plaintiffs have information supporting their good faith belief that racial harassment, particularly the prevalent use of the "n" word, continued after Plaintiffs were no longer at the school, as well as information supporting their good faith belief that first level janitorial staff were instructed to stop reporting racial graffiti to administration or police and simply remove it. Plaintiffs request permission to take discovery to further their request for injunctive relief. There is no demonstrable prejudice to Defendants because Plaintiffs are not currently requesting that any of their claims be tried until the Court of Appeals resolves the issues on appeal. Briefing to the Sixth Circuit is not due to be completed until at the earliest July 23, 2010.

### **STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

Plaintiffs sought concurrence with counsel for Defendants via email and telephone wherein Plaintiffs explained that they were seeking Defendants' agreement to take discovery relative to recent racial harassment and lack of corrective measures, but Defendants refused. (See Exhs. 1 and 2, emails between counsel.)

I.     **Procedural Background**

By Order dated March 30, 2010, this Court denied in part and granted in part Defendants' Motion for Summary Judgment. On April 29, 2010, Defendants (all) filed a Notice of Appeal. (Exh 3). On May 4, 2010, Defendants (all) moved to stay the proceedings pending appeal. (Exh. 4) While it is clear that the individual board member defendants are appealing the denial of qualified immunity, which they are entitled to do as of right, (see Exh 3; Exh 4, Motion to Stay, pars. 7-9), it is not clear from Defendants' Notice of Appeal what issues the PHASD purports to appeal, or whether the Court of Appeals will exercise pendent jurisdiction, and if so, over what. (See id.) On May 4, 2010, the Court granted Defendants' Motion to Stay. (See Exh 5).

II.    **Good cause exists to lift the stay for limited purpose of permitting additional discovery concerning recent harassment.**

Although an appeal as of right may divest the District Court of jurisdiction (*see Krycinski v. Packowski*, 556 F.Supp.2d 740 (S.D. Mi. 2008)), there is no automatic divesting where there is no right to appeal, such as here, where Defendant PHASD does not have an interlocutory appeal. In *Krycinski v. Packowski*, the Court explained that while a district court is generally immediately divested of jurisdiction when an appeal is filed over a denial of qualified immunity, (citing *Yates v. Cleveland,* 941 F.2d

444, 447 (6th Cir.1991), it does not divest the district court of jurisdiction over all claims. *Id.* The Court stated,

> a district court has discretion to retain jurisdiction over the federal claims and proceed to trial on them by making a finding of waiver or frivolousness with respect to the interlocutory appeal. *Id.* at 448-49 (citing *Abel v. Miller,* 904 F.2d 394 (7th Cir.1990) (Easterbrook, J.); *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir.1989) (Easterbrook, J.)). Moreover, a defendant's interlocutory appeal on federal qualified immunity does not divest the district court of jurisdiction over pendent state-law claims, at least not unless state-law immunity provides immunity from suit (not just liability) and was asserted, denied, and appealed as well. *Knox v. City of Royal Oak,* No. 06-10428, 2007 WL 1775369, *2, 2007 U.S. Dist. LEXIS 44554, at *4-*5 (E.D. Mich. June 20, 2007) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). This is because a district court is divested of jurisdiction over only those "aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58, 103 S.Ct. 400 (citing *United States v. Hitchmon,* 587 F.2d 1357 (5th Cir.1979); *Ruby v. Sec'y of U.S. Navy,* 365 F.2d 385, 389 (9th Cir.1966)).

*Id.,* at 741-742. In *Krycinski*, Defendant did not raise a state law immunity defense or have any other basis to stay the other claims involved in the litigation. *Id. See also, Smith v. County of Lenawee,* 2009 WL 3672107 (E.D.Mich. 2009) (denying motion to stay where defendant sought interlocutory appeal of denial of immunity under state law, finding appeal was frivolous and defendant did not make out four factors required to warrant stay); *Rodriguez v. City of Cleveland,* s09 WL 1661942 (S.D.Ohio 2009) (declining to issue stay where Defendants' interlocutory appeal was not over non-frivolous, appealable question of law, but was replete with questions of fact).

9

Here, it is clear from Defendants' Notice of Appeal that the individual defendants are appealing the denial of qualified immunity, (exh. 3, "including but not limited to the denial of Defendants' motion premised upon a qualified immunity defense."), although it is not clear if the individual Defendants' appeal involves solely legal issue. For the appeal to be as of right, and non-frivolous, it must necessarily be based on an alleged misapplication of the law by the Court, and not based on factual issues relating to the individual defendants potential liability. *Mitchell v. Forsyth,* 472 U.S. 511, 528 (1985) (interlocutory appeal of qualified immunity is a question of law, that is "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took"); *Rodriguez,* 2009 WL 1661942, * 2-3.

It is also clear that Defendant PHASD has no appeal as of right as to the claims against it, where its arguments at summary judgment related to liability, which may be reviewed effectively on appeal from final judgment, and did not relate to immunity from suit. *Swint v. Chambers County Com'n*, 514 US 35, 43 (1995). Nor did PHASD indicate what aspect of the Court's Order denying summary judgment is being appealed. Consequently, PHASD is not entitled to a stay absent a showing on the four

10

factors to be considered on a motion to stay: the likelihood that the appealing party will prevail on the merits; (2) the likelihood the appealing party will be irreparably harmed if the stay is not granted; (3) the prospect that others will be harmed if the stay is not granted; and (4) the public interest in granting a stay.  *Grose v. Caruso et al.,* 2007 WL 2225873 (E.D.Mich.), citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991).

As the Court explained in *Grose,* "These factors are not independent prerequisites, but interrelated considerations that should be balanced together."*Id., citing Griepentrog.*  In *Grose,* the Defendants failed to address any of the four factors, essentially arguing that the basis for the appeal itself (qualified immunity) warrants an automatic stay.  The Court denied Defendants' motion to stay based on the failure to provide adequate basis for their motion.  *Id.; see also Nunn v. McGinnis,* 1997 WL 33559328 (E.D.Mi. 1997) (same).

Here, in support of their Motion to Stay, Defendants did not mention or specifically address any of the four factors above, and argued only that the individual defendants would be required to spend significant time and costs were they required to defend this action at trial while their appeal of the qualified immunity decision were pending.  With respect to the PHASD, it offered no specific reason why the case should be stayed as to it, except for a statement that the claims of "deliberate indifference" are inextricably intertwined with the qualified immunity defense.  Exh.

11

4, par. 12. Defendants' Motion to Stay actually implies as well that the issues for appeal are factual, and therefore, not appealable. *Id.* (stating that a determination that the individual defendants were not deliberately indifferent precludes a finding that the School District was deliberately indifferent).

PHASD failed to address the four relevant factors. It did not address the legal standards concerning Plaintiffs' other state law claims against the School District, (e.g. ELCRA and the MEAA), which in any event are not subject to an appeal as of right. Because it is not clear what aspects of the Court's Order Defendant PHSAD is seeking to appeal, because in any event the Court's March 30 Order concerning PHASD is not appealable as of right, because it is not clear that the individual Defendants' appeal is non-frivolous, because there is no evidence particularly concerning the likelihood of success on the merits of the School District's appeal, and perhaps most importantly, because there is no prejudice to Defendants, Plaintiffs' respectfully suggest that their motion for reconsideration or in the alternative to partially lift the stay be granted as to Defendant PHSAD, and the stay be lifted for the limited purpose of permitting Plaintiffs to take discovery as set forth *infra*.

## II.     The Standard for a Motion for Reconsideration Has Been Satisfied.

Local Rule 7.1(h)(3) states that motions for rehearing or reconsideration generally must show that correcting a defect will result in a different disposition of the case. Although Plaintiffs are not arguing that the Court lacked the authority to stay all

proceedings, Plaintiffs believe that the LR 7.1 standard has been met here, where proof of a continuing problem of un-remedied racial harassment will likely be required to warrant imposition at trial of equitable remedies, such as injunctive relief, or to otherwise require Defendants to take action to prevent or remediate harassment.

   III.     **Limited Discovery Should Be Permitted On the Issue of Recent Harassment**

As explained above, Plaintiffs are not seeking a lift of the stay to try their claims against the PHASD pending a decision on the appeal. Plaintiffs recognize the benefit of trying all claims at once, and are not seeking two trials. Plaintiffs are seeking a lift of the stay as to PHASD for the limited purpose of taking additional discovery.

Specifically, Plaintiffs have become aware that students who are currently in the PHASD have continued to experience racial harassment, and in particular, hearing the "n" word in the hallways, contrary to Defendants' contentions. See Exhs. 1 and 2. Plaintiffs also became aware that janitorial staff, who after the hit list was found were instructed to notify administration so the police could be called, were subsequently instructed to stop reporting racially offensive graffiti to administrators with authority to take action, because they did not want to hear about it anymore. (Plaintiffs will be supplementing their Rule 26 Disclosures to identify these individuals.) Plaintiffs believe that in the event they are permitted to take additional discovery, current students, and janitorial staff, would affirm these facts under oath.

Plaintiffs believe that this discovery is necessary for two purposes. First, Plaintiffs will be seeking at trial an Order for equitable relief, in the event of a liability finding. Plaintiffs believe that testimony reflecting the recent racial problems at Port Huron Northern High School will be relevant and helpful to supporting their request for such relief.

Additionally, Plaintiffs believe Defendants will seek to introduce testimony that there is no recent or current problem with peer racial harassment in the school, or to the extent incidents have continued, that the administration addressed it in a prompt and reasonable manner. Given that Plaintiffs are no longer in the school, they require testimony from current students who are in a position to rebut Defendants' position.

Finally, there is no prejudice to Defendants should Plaintiffs' motion be granted. Additional discovery will not have an impact on the scheduling of a trial, given that it can be completed while the appeal is pending. Because Defendants have access to students, administration, staff, and current records of complaints, they are at a distinct advantage compared to Plaintiffs, who, without discovery, do not have equal access to information.

## IV. Conclusion

Plaintiffs are not seeking an Order lifting the stay in full. Plaintiffs are not seeking to hold two trial of this matter. Plaintiffs have moved for limited reconsideration because the Court has the discretion to retain jurisdiction over claims

14

that are not subject of an appeal as of right, or that are frivolous. Defendant PHASD has no appeal as of right as to any of the claims against it. To ensure that Plaintiffs are able to paint a full picture at trial of the racially hostile climate at Port Huron Northern High School, which Defendants are expected to contend is no longer a problematic, Plaintiffs should be permitted to take additional discovery concerning harassment and Defendants' response to it. Granting the motion will not cause prejudice to any party, nor will it slow the prosecution of this matter, as the briefing to the Court of Appeals will not be fully submitted until July 2010.

WHEREFORE, Plaintiffs respectfully request that their motion for limited reconsideration, or in the alternative, to lift the stay at to PHASD, be granted.

>Law Offices of Joshua Friedman
>25 Senate Place
>Larchmont, NY 10538
>(212) 308-4338
>Counsel for Plaintiff
>
>By:
>
>_____
>Joshua Friedman
>josh@joshuafriedmanesq.com