UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA WILLIAMS on behalf
of her minor daughter T.S.L., et al,

      Plaintiff,

vs

Case No: 06-14556
Honorable Victoria A. Roberts

PORT HURON AREA SCHOOL
DISTRICT BOARD OF EDUCATION,

      Defendants.

_____/

## ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Limited Reconsideration

of the Court's Order Staying All Aspects of This Case, or in the Alternative, Motion to Lift

the Stay as to Port Huron Area School District, to Permit Additional Discovery

Concerning Recent Harassment [Dkt. #60]. Plaintiffs filed a Response [Dkt. #62]. For

the reasons stated, the Motion is **DENIED**.

## II.    BACKGROUND

This is a civil rights action filed by eight former Port Huron Northern High School

students, against the Port Huron School District Board of Education ("the Board"),

individual board members, the school principal and the former superintendent. (Plaintiffs

were still students when the suit was filed on October 18, 2006, but have since

graduated and left the district). The five-count Complaint alleged that Plaintiffs were

subjected to "student on student" racial harassment and Defendants were deliberately

indifferent to it.  Plaintiffs' prayer for relief sought compensatory and punitive damages, and "such further relief as the Court deems necessary and proper."

On March 30, 2010, the Court issued its Opinion and Order Granting in Part and Denying in Part, Defendants' Motion for Summary Judgment. See Dkt # 54.

On April 29, 2010, the individual Defendants appealed to the Sixth Circuit Court of Appeals, this Court's denial of summary judgment based on their qualified immunity defense.  The Board joined in the appeal based upon the Sixth Circuit's pendent jurisdiction.  The Board asserts the two appeals are "inextricably intertwined" because the claims against the individual Defendants are virtually identical to claims against the Board as a whole.  It is not clear whether the Sixth Circuit will exercise pendent jurisdiction over the Board's appeal.

On May 3, 2010, Defendants filed a Motion to Stay Trial and Other Proceedings Pending Appeal.  On May 4, 2010, the Court granted Defendants' motion to stay.

On May 18, 2010, Plaintiffs timely filed this motion for reconsideration, requesting a partial lift of the stay to take discovery as to alleged incidences of "student on student" harassment during the 2009-2010 school year.

On June 11, 2010, the Court ordered Defendants to respond to Plaintiffs' motion.

On June 18, 2010, Defendants filed their response brief in opposition to the motion.

## III.    STANDARD OF REVIEW

Motions for reconsideration may be granted pursuant to Local Rule 7.1(h)(3) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

## IV.    ANALYSIS

Plaintiffs argue that the Board has no appeal as of right as to the claims against it, because the Board's arguments at the summary judgment stage related to liability, and not to immunity.  Thus, Plaintiffs say the Board was not entitled to a stay because it failed to address the four factors to be considered on a motion to stay, as well as the legal standards concerning the state law claims.

In response, Defendants say Plaintiffs' claims against the Board and the individual board members are the same – that their failure to take appropriate remedial action amounts to deliberate indifference.  Thus, in analyzing the qualified immunity defense, the appeals court must consider whether the individual members, and hence the Board, were deliberately indifferent.  Citing *Oliver v. Kalamazoo Bd of Ed*, 346 F.Supp. 766, 788 (W.D. Mich 1972) and *Tucker v. City of Richmond, Ky.*, 388 F.3d 216, 219-220 (6th Cir. 2004), they say the appeals court has pendent jurisdiction over the Board's appeal because its issues are inextricably intertwined with those of the individual board members.

It is well established that a district court's order denying qualified immunity may be appealed immediately. See *Bing v. City of Whitehall*, 456 F.3d 555, 563 (6th Cir. 2006), citing *Mitchell v. Forsyth*, 472 U.S. 511, 524-30, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).  But "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines

whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995).

The filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case, or at least over those aspects over the case involved in the appeal. *Smith v. County of Lenawee*, 2009 U.S. Dist. LEXIS 102406, 2009 WL 3672107, *2 (E.D. Mich. Nov. 3, 2009). However, if a district court finds the appeal to be frivolous, it retains jurisdiction over the entire matter. *Id.*, citing *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

Defendants argue that if the individual members of the Board are found not to be deliberately indifferent, under *Doe v. Claiborne Cty, Tenn*, 103 F.3d 495, 511 (6th Cir. 1996), the same would be true for the Board itself. This Court disagrees, that is a necessary result.

The Sixth Circuit could rule that the board members had no individual duty to act, and thus could not individually be deliberately indifferent, but may have collectively ignored a recognized duty to act. In such case, the Board, as an entity, could be found deliberately indifferent. *Id.* at 508, citing *City of Canton v. Harris*, 489 U.S. 378, 388-389 (6th Cir. 1989). Conversely, the Sixth Circuit could determine that neither the individual board members, nor the Board as an entity, had a recognized duty to act under the circumstances of this case, and thus none could be deliberately indifferent. Therefore, the Court agrees that the legal issues are inextricably intertwined, and finds that the Board's appeal is not frivolous.

Plaintiffs argue that the Board has no appeal of right on their state law claims, and that further discovery is needed because Plaintiffs cannot testify about the current

4

climate at the school since they are no longer in attendance.  However, Plaintiffs' state law claims allege only that they were denied the full enjoyment of the district facilities and the use and benefit of the educational institution due to their race.  It is unclear how incidents which occurred during the 2009 to 2010 school year, after Plaintiffs' departure from the school, would impact those claims.  Additionally, Plaintiffs' Complaint does not seek injunctive relief, but only monetary damages.

The Sixth Circuit recognized that "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation." *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986).  Thus, a district court is obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided. *Id.*  The Court finds that further discovery should be stayed, pending resolution of the qualified immunity issue in the Court of Appeals.

## V.      CONCLUSION

The Court **DENIES** Plaintiffs' Motion for Limited Reconsideration of the Court's Order Staying All Aspects of This Case, or in the Alternative, Motion to Lift the Stay as to Port Huron Area School District, to Permit Additional Discovery Concerning Recent Harassment.

**IT IS ORDERED.**

 /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 13, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 13, 2010.

s/Linda Vertriest
Deputy Clerk